United States District Court
Southern District of Texas
FILED

SEP 13 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JAVIER GUERRERO-VELASQUEZ )
)
v. ) C.A. No. B-99-198
)
E.M. TROMINSKI, INS DISTRICT )
DIRECTOR )
_____)

PETITIONER'S UNOPPOSED MOTION TO CONTINUE
HOLDING PROCEEDINGS IN ABEYANCE

Comes Javier Guerrero-Velasquez, by and through the undersigned, and files the instant, unopposed, motion to continue to hold the instant case in abeyance, until such time as the Fifth Circuit has adjudicated Petitioner's Motion To Reinstate Petition For Review, in the related case, *Guerrero-Velasquez v. Reno*, No. 99-60891. *See*, copy attached. Cathy Appling, counsel for Respondent, has stated that she has no opposition to the instant motion.

Respectfully Submitted,

*Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first-class postage prepaid, to Cathy Appling, Attorney, OIL, P.O. Box 878, Ben Franklin Sta., Washington, D.C. 20044, on this 11th day of September, 2000.

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

```
JAVIER GUERRERO-VELASQUEZ     )
                              )
v.                            )    No. 99-60891
                              )
JANET RENO, UNITED STATES     )
     ATTORNEY GENERAL.        )
_____)
```

MOTION TO REINSTATE PETITION FOR REVIEW
IN LIGHT OF COURT'S ACTION VACATING DECISION
IN *CAMACHO-MARROQUIN v. INS*, 188 F.3d 649 (5th Cir. 1999)
AND RESPONSE TO INS' 28(j) LETTER ADVISING COURT REGARDING SAME

Lisa S. Brodyaga
Attorney at Law
17891 Landrum Park Road
San Benito, TX  78586
(956) 421-3226

September 9, 2000

Comes Petitioner Javier Guerrero-Velasquez, by and through the undersigned, and respectfully files the instant motion, requesting that this Court reinstate his Petition for Review, in light of the action of the Court in vacating its decision in *Camacho-Marroquin v. INS,* 188 F.3d 649 (5th Cir. 1999). Simultaneously, Petitioner would respond to INS' recent 28(j) letter on this issue.

## I. BACKGROUND

In his Petition to this Court, as in his Petition for Habeas Corpus in District Court, No. CA B-99-198, Mr. Guerrero argued that he was not deportable as charged, for having been convicted of an aggravated felony, to wit, a crime of violence, under 8 U.S.C. §1101(a)(43)(F). He further urged that, as applied to DWI convictions, §1101(a)(43)(F), is void for vagueness.[1] He therefore urged that he was not "removable by reason of having committed a criminal offense covered in ... [... 8 U.S.C. §1227(a)(2)(iii)]," such as would bring him within the jurisdictional bar of 8 U.S.C. §1252(a)(2)(C), since to order his removal on that basis violates the Due Process Clause of the U.S. Constitution.

---

[1] At the time of his offense, the only known courts to have considered the issue had concluded, in *dicta*, that DWI was *not* a crime of violence under 18 U.S.C. §16. Therefore, virtually by definition, reasonable persons were not on notice that DWI was not only a criminal offense, but also grounds for deportation, as required by *Jordan v. DeGeorge,* 71 S.Ct. 703,707-708 (1951) (because of gravity of deportation, "void for vagueness" applies to deportation statutes). *See, U.S. v. Parson*, 955 F.2d 858,874 (3rd Cir. 1992) (DWI not crime of violence under 18 U.S.C. §16), and *U.S. v. Rutherford*, 54 F.3d 370, 372-373 (7th Cir. 1995) (same).

INS sought dismissal for lack of jurisdiction in both courts, relying on this Court's decision in *Camacho-Marroquin v. INS, supra*. On March 14, 2000, over Petitioner's opposition, this Court dismissed his petition. The district court action is still pending.

## II. NEW LEGAL DEVELOPMENTS

Since then, there have been significant developments in the law. First, this Court decided *Max-George, supra*, holding that 8 U.S.C. §1252(a)(2)(C), as amended by IIRIRA, was sufficiently specific to repeal habeas jurisdiction under 28 U.S.C. §2241 over a final order of removal, but that Due Process challenges in such cases could be raised before this Court. As held therein, *id*. at *7:

> Had Max-George filed a petition for review, we would also have to consider whether the procedures used by the government in excluding Max-George satisfied due process. See Reno, 507 U.S. at 306, 113 S.Ct. at 1449 ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings.") (citing The Japanese Immigrant Case, 189 U.S. 86, 100-01, 23 S.Ct. 611, 614, 47 L.Ed. 721 (1903)); Carlson, 342 U.S. at 538, 72 S.Ct. at 533 ("Such legislative provision requires that those charged with that responsibility [of excluding aliens] exercise it in a manner consistent with due process."); Mezei, 345 U.S. at 212, 73 S.Ct. at 629 ("[A]liens who have passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law."); Zadvydas, 185 F.3d at 289 ("The language of the due process clause refers to 'persons,' not 'citizens,' and it is well established that aliens within the territory of the United States may invoke its provisions.").

Then, on July 11, 2000, this Court vacated its decision in *Camacho-Marroqin v. INS, supra*. This removes the basis for this Court's action in dismissing the instant Petition for Review.

Moreover, as matters stand, Petitioner could be deprived of any forum in which to raise either his contention that the offense of which he was convicted is **not** an aggravated felony, or his Due Process challenge. Under *Max-George, supra*, such a result would violate the Suspension Clauses of the U.S. Constitution.

It is therefore urged that this Court accept jurisdiction over the instant petition, and to that end, reconsider, and vacate its order granting INS' motion to dismiss for lack of jurisdiction.

Respectfully Submitted,

Lisa S. Brodyaga
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class postage prepaid, to Erin Albritton, Attorney, OIL, P.O. Box 878, Ben Franklin Sta., Wash., D.C. 20044, on September 9, 2000.

3